### MARANDINO v. A. BROWN & CO.

(Supreme Court, Appellate Term. January 21, 1910.)

WORK AND LABOR (§ 26*)—BURDEN OF PROOF.

Where one neither showed an agreed price for his work nor its value, there was no foundation for an allowance to his assignee.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 47–49; Dec. Dig. § 26.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Frank Marandino against A. Brown & Co. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Sidney R. Lash, for appellant.

Brande & Weber, for respondent.

GIEGERICH, J. The pleadings in this case were oral, and plaintiff complained for work, labor, and services. The bill of particulars filed by the plaintiff sets up, in substance, that between June 9, 1909, and July 15, 1909, he made four samples, of the value of $100, and received one piece of stock work, of the value of $4. It also sets forth that one "James Giannasio made 3½ samples, of the value of $81, and one piece of stock work, of the value of $4," and that Giannasio had before the commencement of the action assigned said claim to the plaintiff; also that Charles Marandino made three samples, of the value of $75, and two pieces of stock work, of the value of $8, and that the above claims were assigned to the plaintiff. Upon the trial there was sufficient testimony given from which the justice could, and evidently did, find that the plaintiff and Charles Marandino were employed by the defendant to make sample garments, consisting of ladies' jackets, and stock garments of the same kind, for which it was agreed that plaintiff and said Charles Marandino should be paid $25 for each sample garment and $4 for each stock garment.

As to the claim of Giannasio, one of plaintiff's assignors, he testifies that he had a talk with a lady, the "manager" of the defendant's house; that she promised to pay a good price after the samples were finished. "We had the price of $7 for each sample, and if we were not satisfied with the price we could have the money back; we wanted

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

$25 for each sample. After we got paid, we complained to Mrs. Burns, and she says, 'I will fix it up later on.' She says, 'If you want the price fixed, you know what to do.' Then I went down to court, and called Mrs. Burns to the court." He then testifies that his pay was refused; that he made 3½ sample garments, and one piece of stock goods; that he worked from June 7th to July 15th. On cross-examination he testifies he had his conversation about the price he was to receive with one Dipetro, the designer or manager, and that he said "he would pay me a good price for samples"; that subsequently Dipetro offered him $7 each for the samples, which he refused, and that he had received $10 on this work. From this testimony, and this is substantially all the testimony given by him upon that question, it will be seen that he proves neither an agreed price for his work, nor its value, and that therefore there was no foundation for an allowance to his assignee of the amount claimed by him and assigned to the plaintiff.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.